**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Bautista FLORES–HERNANDEZ,**
**Defendant–Appellant.**

**No. 04–41423.**
**USDC No. 7:04–CR–439–ALL.**

United States Court of Appeals,
Fifth Circuit.

Decided May 2, 2005.

James Lee Turner, John Richard Berry, Julia Bowen Stern, Assistant U.S. attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A Meyers, Federal Public Defender, Federal Public Defender's office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM: *

Juan Bautista Flores–Hernandez appeals his illegal reentry conviction and sentence. The Government concedes that the district court's 16–level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) (2003), was plainly erroneous because the sentence imposed following Flores's 2002 state conviction for possession of a controlled drug with intent to distribute did not exceed 13 months. *See* U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A), comment. (n.1); U.S.S.G. § 4A1.2(b)(2). Flores's sentence is therefore VACATED and the case REMANDED for resentencing. Flores acknowledges that the remand resulting from the guidelines-application error renders moot the issue whether his sentencing under the mandatory guidelines regime necessitates a remand under *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Flores concedes that the issue whether 8 U.S.C. § 1326(b)(1) & (2) were rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve its further review by the Supreme Court. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). We therefore must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.